UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 11-58-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| DOUGLAS GLENN ROSE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition (also known as a Report and Recommendation or "R&R") [R. 50] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Douglas Glenn Rose, allegedly violated the terms of his supervised release, and a warrant was issued based on those alleged violations. [R. 40.] This matter was then referred to Judge Ingram to conduct a final revocation hearing and recommend a proposed disposition of the matter. [R. 46.]

Pursuant to the referral order, Judge Ingram conducted a final revocation hearing on August 20, 2012. [R. 50]. At this hearing, Rose stipulated to the violation #3, and the United States moved to dismiss Violations #1 and #2. [*Id.*] The United States presented a recommendation, not binding on the court, of revocation and incarceration for a term of six (6) months, followed by thirty (30) months of supervised release. [R. 50 at 4.]  Rose sought a term of incarceration of three months followed by a three-month period of home detention. [*Id.*]

On August 30, 2012, Judge Ingram issued his R&R, recommending revocation and incarceration for six (6) months, within the guideline range, and a supervised release period of

1

thirty (30) months. [R. 50 at 6.] The R&R directs the parties' attention to the relevant statute which requires any objections to be filed within fourteen (14) days of service. [*Id.* at 8.] *See* 28 U.S.C. § 636(b)(1). Rose did not file any objections to the R&R within the prescribed time period, and he waived his right to allocate conditioned upon the Court's adoption of the R&R's disposition [R. 51].

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and it agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [R. 50] as to Douglas Glenn Rose is **ADOPTED** as and for the Opinion of the Court;

2. The Defendant, Douglas Glenn Rose, is found to have violated the terms of his Supervised Release as set forth in the Petition filed by the United States Probation Office [*See* R. 40];

3. The Defendant's Supervised Release is **REVOKED;**

4. Douglas Glenn Rose is **SENTENCED** to the custody of the Bureau of Prisons for a term of imprisonment of **six (6) months** followed by a **thirty-month (30)** term of supervised

release;

     5.     The allocution hearing has been **WAIVED** [*see* R. 51]; and

     6.     Judgment shall be entered promptly.

This 2nd day of October, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge